**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

TODD JOHNSON,

        Plaintiff,

vs.

DOLLAR GENERAL, DOLGENCORP,
L.L.C. and MICHAEL WILLIAMS,

        Defendants.

No. C10-3039-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING
DEFENDANTS' MOTION TO
DISMISS**

_____

**TABLE OF CONTENTS**

*I.  INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A.  Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *B.  Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*II.  LEGAL STANDARDS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    *A.  Standards for Motion to Dismiss* . . . . . . . . . . . . . . . . . . . . . . 8

*III.  LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    *A.  Amended Complaint* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
        *1.  Arguments of the parties* . . . . . . . . . . . . . . . . . . . . 10
        *2.  Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    *B.  Family Medical Leave Act (FMLA)* . . . . . . . . . . . . . . . . . . . 12
        *1.  Arguments of the parties* . . . . . . . . . . . . . . . . . . . . 12
        *2.  Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
            *a.  "Eligible employee"* . . . . . . . . . . . . . . . . . . . . 18
            *b.  "Serious health condition"* . . . . . . . . . . . . . . . . 20
            *c.  "Notice"* . . . . . . . . . . . . . . . . . . . . . . . . . 24
    *C.  Wrongful Discharge* . . . . . . . . . . . . . . . . . . . . . . . . . . . 27
        *1.  Arguments of the parties* . . . . . . . . . . . . . . . . . . . . 27
        *2.  Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

D. Consolidated Omnibus Budget Reconciliation Act (COBRA) . . . . . . . 28
    1.      Arguments of the parties . . . . . . . . . . . . . . . . . . . . . . . 28
    2.      Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29
E. Punitive Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31
    1.      Arguments of the parties . . . . . . . . . . . . . . . . . . . . . . . 31
    2.      Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

## I. INTRODUCTION

In this case, I will determine whether Defendant Dollar General's Motion to Dismiss has enough "cents" to successfully challenge the factual allegations made in Plaintiff Todd Johnson's Complaint claiming a violation of the Family Medical Leave Act of 1993.

### A. Procedural Background

On July 26, 2010, the plaintiff, Todd Johnson, initiated this action by filing a Complaint against defendants, Dollar General, Dolgencorp, L.L.C., and Michael Williams (collectively, the "defendants"). In his Complaint, Johnson alleges that the defendants terminated his employment in retaliation for him missing work because of an illness. This illness, Johnson believes, was related to a heart attack he previously suffered. Johnson claims that his termination by the defendants was in violation of the Family Medical Leave

Act of 1993 ("FMLA"), 29 U.S.C. §§ 2612-2615.[1]  Johnson further claims that the defendants refused to offer Consolidated Omnibus Budget Reconciliation Act ("COBRA") benefits to him at the end of his employment, in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by COBRA.  As a result of these alleged violations, Johnson seeks damages and injunctive relief from the court.

On October 12, 2010, the defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  The defendants argue that Johnson's claims should be dismissed because the Complaint's factual allegations fail to establish that Johnson was an eligible employee under the FMLA.  Specifically, the defendants argue that Johnson has not sufficiently alleged that: he suffered from a "serious health condition"; requested leave or made Dollar General aware of his need for leave; or that he was an "eligible employee" covered by the FMLA.  Furthermore, the defendants contend that Johnson has failed to state a claim under COBRA, because Johnson never actually requested such benefits from the defendants at the time of his termination.  Finally, the defendants claim that Johnson improperly seeks punitive damages, which are not available under either the FMLA or COBRA.

On November 11, 2010, Johnson filed his Resistance to Defendant's Motion to Dismiss.  In his Resistance, Johnson argues that all reasonable inferences taken from the factual allegations in the Complaint are sufficient to establish a "serious health condition." These factual allegations include:  Johnson missed work because of an illness; Johnson

---

[1] In 1993, Congress found that there was "inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods." 29 U.S.C. § 2601(a)(4).  For this reason and others, Congress enacted the Family Medical Leave Act (FMLA), with the stated purposes "to balance the demands of the workplace with the needs of families" and "to entitle employees to take reasonable leave for medical reasons. . . ." 29 U.S.C. § 2601(b)(1) and (2).

believed this illness was related to a prior heart attack he suffered; and Johnson subsequently sought medical treatment for this illness. In addition, Johnson claims that the facts alleged in the Complaint are sufficient to demonstrate that the defendants knew or should have known that Johnson may have needed FMLA leave. The defendants should have realized Johnson's need for FMLA leave, Johnson maintains, because he called in sick to work and missed more than three consecutive days of work due to an illness. Johnson also argues that a reasonable inference to be drawn from the factual allegations in the Complaint is that Johnson informed someone, in this case his assistant manager, that he was ill and taking vacation days for his illness. Johnson argues that the defendants were aware of his need for leave because Michael Williams called Johnson and complained about him missing work.

Additionally, Johnson responded to the defendants' claims that he needed to state his hours of work and the number of employees within fifty miles of his workplace in order to show that his cause of action was plausible. Johnson argues that a complaint attacked by a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss does not need such detailed information. Instead, Johnson claims that the United States Supreme Court has only required the plaintiff to state the grounds of his entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Johnson stresses that the question before the court is whether it is plausible, from the facts alleged and "reasonable inferences," that the eligibility requirements under the FMLA were met. Johnson explains that the court could reasonably infer "that Dollar General is an extremely large corporation doing business within the State of Iowa" because Dollar General's website advertises that it has approximately 8,000 stores in thirty-five states. Therefore, Johnson argues, it is plausible that there are more than fifty Dollar General employees throughout the area surrounding his workplace. Another inference Johnson asks the court to make concerns the length of

his employment with the defendants. Johnson reasons that since he was a store manager, it is obvious he had to have been an employee for over one year and worked more than 1,250 hours. Additionally, Johnson points out that for an employee to be eligible for FMLA they must have been employed for over one year. Therefore, Johnson argues that the court should infer he had worked at Dollar General for more than one year since Johnson *had* claimed benefits under the FMLA.

Regarding COBRA, Johnson admits that his Complaint alleges the defendants failed to "offer" him COBRA benefits at the end of his employment. Johnson argues that a reasonable interpretation of this statement is that the defendants failed to provide Johnson notice of his COBRA benefits rights post termination and, therefore, makes out a violation of 29 U.S.C. § 1166(a)(2). Johnson declares that he is not required to engage in "hyper-technical pleading" of detail explaining exactly which benefits he believes he is entitled to under law, and that such matters are best left for discovery and trial. In response to the defendants allegations that his claim for punitive damages was improper, Johnson admits that neither the FMLA or COBRA provide for punitive damages. However, Johnson alleges that he actually requested "liquidated damages and/or punitive damages," and consequently "liquidated damages" are provided for and appropriate under the FMLA in certain circumstances such as in this case. 29 U.S.C. § 2617(a)(1)(A)(iii). Finally, Johnson provides an amended version of his Complaint and requests leave to amend his original complaint if the court believes more factual detail is necessary.

On November 18, 2010, the defendants filed a Reply in Further Support of their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In the Reply, the defendants argue that neither the original or the proposed Amended Complaint offered by Johnson alleges facts or raises a reasonable expectation that discovery will reveal that: (1) Johnson was eligible for FMLA leave by virtue of having a "serious health condition;" (2)

Johnson put the defendants on notice that he had a "serious health condition" and therefore required leave under the FMLA; or (3) either of the defendants are "plan administrators" such that they could be liable for failure to provide notice of rights for continuation coverage under COBRA. The matter is now fully submitted.

## B. Factual Background

As explained more fully below, in considering a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, for purposes of the defendants' Rule 12(b)(6) Motion to Dismiss, I will set forth the relevant factual background as stated in Johnson's original filed Complaint and submitted Amended Complaint.

Johnson was a salaried store manager for Dollar General, a chain store in Garner, Iowa. Dollar General is a trade name for Dolgencorp, L.L.C., a Kentucky company doing business within the bounds of the State of Iowa. Johnson's immediate supervisor at Dollar General was Michael Williams, a resident of Clear Lake, Iowa. Johnson was employed by Dollar General from January 2008 through May 2009. Dollar General has over 8,000 stores in thirty-five states.

In November of 2008, Johnson suffered a heart attack while working at Dollar General. Consequently, Johnson missed time from work due to his heart attack. Upon Johnson's return to work, Michael Williams immediately demanded that Johnson improve his business to "model store" status within seventy-two hours, without providing additional work hours. Williams also refused to provide Johnson with assistance in accomplishing this task.

On April 30, 2009, Johnson became ill. Johnson believed this illness was either the flu or a potential health problem resulting from his prior heart attack. Johnson initially reported his illness to his assistant store manager, and explained that he would be missing work because of an illness. On May 1, 2009, Williams called Johnson and left several disparaging voice messages, complaining about Johnson missing work and his needing to "suck it up and do his job." Johnson sought medical treatment over the course of his illness, and ultimately missed work from May 1, 2009, through May 5, 2009. On May 5, 2009, Williams again called Johnson and left another voice message. In the message, Williams threatened Johnson that if he did not call Williams back within thirty minutes, Williams would fire him. At the time Williams left the message, Johnson was asleep. Consequently, Johnson did not call Williams back within thirty minutes, and was subsequently terminated from employment with Dollar General by Williams. Johnson used vacation time to cover his illness and Williams refused to compensate Johnson for his missed time.

## II. LEGAL STANDARDS

### A. Standards for Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss on the basis of "failure to state a claim upon which relief can be granted."[2] In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court revisited the standards for determining whether factual allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright &

---

[2] Effective December 1, 2007, Federal Rule of Civil Procedure 12 was "amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules." FED. R. CIV. P. 12, advisory committee's note. The advisory committee notes make it clear that the "changes are to be stylistic only." *Id.* The stylistic changes to Rule 12(b)(6) are in fact minimal, as Rule 12(b)(6) continues to authorize a motion to dismiss "for failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Thus, the recent amendment did not change the standards for a Rule 12(b)(6) motion.

A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) (" [T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the ASSUMPTION THAT ALL THE allegations in the complaint are true (even if doubtful in fact), see, *e.g.*, *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic*, 550 U.S. at 555-56 (footnote omitted); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (instructing that "short and plain statement" requirement "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation."). Thus, the Eighth Circuit Court of Appeals has recognized that, under *Bell Atlantic*, "To survive a motion to dismiss, a complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level. . . .'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atlantic*, 550 U.S. at 555). To put it another way, "the complaint must allege 'only enough facts to state a claim to relief that is plausible on its face.'" *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009) (quoting *Bell Atlantic*, 550 U.S. at 570); *accord Iqbal*, 129 S. Ct. at 1949 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (quoting *Bell Atlantic*, 550 U.S. at 557).

Nevertheless, I must still "accept as true the plaintiff's well pleaded allegations." *Parkhurst*, 569 F.3d at 865 (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)); *B&B Hardware, Inc.*, 569 F.3d at 387 ("[W]e 'assume[ ] as true all factual allegations of the complaint'" (quoting *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007)). I must also still "construe the complaint liberally in the light most favorable to the plaintiff." *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (post-*Bell Atlantic* decision). On the other hand, "[w]here the allegations show on the face of the complaint that there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is [still] appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997), for this standard in a discussion of Rule 12(b)(6) standards in light of *Bell Atlantic*).

## III. LEGAL ANALYSIS

### A. Amended Complaint

#### 1. Arguments of the parties

On November 11, 2010, Johnson requested leave to amend his Complaint and provide additional information, if the court believes there is insufficient detail in his Complaint concerning elements of the claims. Johnson also included a proposed Amended Complaint as part of his Resistance to Defendants' Motion to Dismiss. Johnson argues that such an amendment would be in the best interest of serving justice rather than dismissing the case. Johnson further points out that the decision to grant leave to amend is squarely within the discretion of the district court, citing *Zutz v. Nelson*, 601 F.3d 842, 850-851 (8th Cir. 2010). A district court should only deny a motion for leave to amend, Johnson contends, if the court reaches the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In reply, on November 18, 2010, the defendants declared that neither Johnson's original nor his proposed amended Complaint alleges facts or raises a reasonable expectation that discovery will reveal: (1) that Johnson had a "serious health condition" and, therefore, be eligible for FMLA leave; (2) that Johnson put the defendants on notice that he had a "serious health condition" and thereby required leave under the FMLA; or (3) that either of the defendants are "plan administrators" such that they could be liable for failure to provide notice of rights for continuation coverage under COBRA. The defendants further argue that Johnson has not met the standard to overcome a motion to dismiss, because allegations on the face of his Amended Complaint must give rise to a reasonable expectation that discovery will reveal that the right to relief is more than simply "possible."

### 2. *Analysis*

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the Federal Rules of Civil Procedure liberally allow for amendments to pleadings, "plaintiffs do not have an absolute or automatic right to amend." *In re 2007 Novastar Financial Inc., Sec. Litig.*, 579 F.3d 878, 884 (8th Cir. 2009) (*quoting U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005)); *See U.S. ex. rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009).

The Eighth Circuit Court of Appeals has held that "[i]t is clear . . . that in order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion." *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) (holding that the district court did not abuse its discretion in failing to grant leave to amend where the plaintiff did not submit a proposed amendment but merely concluded

her response to the defendant's motion to dismiss with a request for leave to amend); *See Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir. 1983); *Novastar*, 579 F.3d at 884 (8th Cir. 2009).

Furthermore, Local Rule 15 "Motions to Amend Pleadings", requires that

> [a] party moving to amend or supplement a pleading pursuant to Federal Rule of Civil Procedure 15(a)(2) or (d) must describe in the motion the changes sought, and must electronically attach to the motion and file under the same docket entry the proposed amended or supplemental pleading.

Local Rules 15 of the Northern District of Iowa. Johnson adequately complied with Local Rule 15 and in conformity with Eighth Circuit Court of Appeal's precedent detailing that "in order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion." *See Dudek*, 295 F.3d at 880; *Clayton*, 778 F.2d at 460; *Wolgin*, 722 F.2d at 395; *Novastar*, 579 F.3d at 884. Thus, Johnson's request for leave to amend his Complaint as part of his Resistance to Defendants' Motion to Dismiss, is granted.

## B. *Family Medical Leave Act (FMLA)*

### 1. *Arguments of the parties*

In Johnson's Amended Complaint, he contends that the defendants violated the FMLA: in failing to give appropriate notices as to FMLA rights; in failing to grant FMLA leave; in retaliating against the plaintiff for having exercised his FMLA rights; in discriminating against the plaintiff for having utilized his FMLA rights.

The defendants' Brief in Support of their Motion to Dismiss highlights their argument that all Johnson's claims should be dismissed because the facts alleged fail to state claims upon which any relief can be granted. Defendants counter that Johnson has

offered nothing more than legal conclusions, conclusory allegations, and naked assertions devoid of specificity or factual enhancement. Defendants point out that in order to establish a claim under the FMLA, Johnson must make an initial showing that he was an eligible employee entitled to the protections of the FMLA for an FMLA qualifying leave. Defendants do not believe that Johnson has met this burden for three reasons.

First, the defendants argue that Johnson failed to allege facts that he qualified for FMLA leave by virtue of having a "serious health condition," one of the requirements for FMLA leave under 29 U.S.C. § 2612(a)(1)(D). The defendants point out that Johnson simply claims he "took leave from his employment due to his serious medical conditions." The defendants argue that Johnson offers no additional facts to support this allegation. Continuing this line of attack, the defendants stress that Johnson's pleading is exactly the "naked assertions devoid of factual enhancement" rejected by the United States Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). For example, the defendants argue that Johnson alleges he suffered a heart attack at work in November 2008, and as a result he missed work. However, the defendants contend that Johnson never mentions whether he requested or took FMLA leave at the time of this purported heart attack. Furthermore, with regard to the April 30, 2009 "illness" at issue before the court, the defendants state that Johnson alleges nothing more than that "he was ill and needed to miss work" and that he "believed that his illness was the result of his heart attack six months earlier," without offering any evidence that he was hospitalized, receiving continuing treatment by a health care provider, or even that this illness was related to his prior heart attack. Therefore, the defendants argue, Johnson has not asserted any facts showing that he had a serious health condition that would qualify for leave under the FMLA.

Second, the defendants declare that Johnson's Amended Complaint is insufficient to withstand a motion to dismiss because Johnson failed to allege facts establishing that he

requested FMLA leave from the defendants, or that the defendants were aware of his need for FMLA leave. Additionally, the defendants assert that Johnson's Amended Complaint lacks the requisite facts that would give rise to a plausible inference that Johnson gave his employer notice of his "serious health condition," or even a reason to believe that Johnson had a "serious health condition." The defendants contend that the Amended Complaint's assertion that Johnson "was ill and needed to miss work," does not provide the necessary background that Johnson spoke with a supervisor about his need for FMLA leave, a human resources representative, or anyone else in authority at Dollar General. Overall, the defendants maintain that Johnson's claims should be dismissed, because he has not provided any factual basis that he requested FMLA leave, put the defendants on notice that he might be in need of FMLA leave, or told anyone that his "serious health condition" was the reason for missing work.

Third, the defendants claim Johnson failed to allege key facts establishing that he was an "eligible employee" entitled to the protections of the FMLA, as required under 29 U.S.C. § 2611(2)(A) and (B). For instance, the defendants contend Johnson has not demonstrated: that Dollar General employed more than fifty employees within seventy-five miles of the worksite; that at the time of Johnson's illness he had been employed by Dollar General for twelve months; and, that Johnson had worked at least 1,250 hours at Dollar General during the preceding twelve months at the time of his illness. Because Johnson does not include any factual allegations concerning these required elements of his claim, the defendants argue his Amended Complaint should be dismissed.

In Johnson's Brief in Resistance to Defendants' Motion to Dismiss, he responds to the defendants' allegation that his Amended Complaint lacked sufficient facts to demonstrate: (1) that he suffered from a serious health condition; (2) that he requested FMLA leave or that the defendants were aware of his need for FMLA leave; and, (3) that

he met the requirements of an FMLA claim including number of employees, hours of service, and years of service. First, Johnson argues that reasonable inferences taken by the court in light of his Amended Complaint makes it plausible that he was suffering from a serious health condition and therefore eligible under FMLA. Additionally, Johnson recites key information in his Amended Complaint that he believes is exactly the information required to show a serious health condition under 29 C.F.R. § 825.114(a)(i)(A). This information includes: (1) "On April 30, 2009, the Plaintiff was ill and needed to miss work."; (2) "Plaintiff believed this illness was the result of his heart attack six months earlier."; (3) "Plaintiff took vacation time to cover his illness from May 1, 2009 through May 5, 2009."; (4) "Plaintiff was ill at work with either the flu or a potential health problem"; and, "Plaintiff sought medical treatment for this illness."

Second, Johnson argues that the court should find that his Amended Complaint states sufficient facts to make it plausible that the employer's duties to provide notice of FMLA rights were triggered. Johnson claims that under 29 C.F.R. § 825.302(c) and 29 C.F.R. § 825.303(b), the standard for an employee providing an employer notice of the possible need for FMLA leave places the burden on the employer. Furthermore, Johnson claims that reasonable inferences taken from the Amended Complaint's factual allegations are sufficient to demonstrate that the defendants knew or should have known that Johnson may have needed FMLA leave. These inferences are that Johnson informed someone, in this case his assistant manager, that he was ill and wanted to take vacation days for the illness. Evidence of the defendants' knowledge of his illness, Johnson argues, is also established by his supervisor calling him to complain about him missing work. Johnson believes that the facts alleged in his Amended Complaint stating that he missed more than three consecutive days of work due to illness, coupled with these reasonable inferences,

show that the defendants were aware of his need for FMLA leave which triggered the defendants' responsibility to request certification of a serious health condition.

Third, Johnson contends that information regarding the defendants' number of employees and Johnson's hours of work and years of service, are unnecessary to overcome defendants' Motion to Dismiss. All a complaint is required to do, Johnson claims, is to provide the grounds of his entitlement to relief. Furthermore, Johnson attests that "reasonable inferences" taken from his Amended Complaint are sufficient to demonstrate that Dollar General is an extremely large corporation doing business within the State of Iowa. As evidence, Johnson encourages the court to review Dollar General's website which describes the company as having approximately 8,000 stores in thirty-five states. From these statistics, Johnson explains, the court can deduce that it is plausible that there are more than fifty Dollar General employees surrounding the area where Johnson worked. Johnson also asks the court to make a second "reasonable inference" to overcome the defendants' Motion to Dismiss, concerning his years of service and whether he worked over 1,250 hours. Johnson argues that because his Amended Complaint mentions that he was store manager at Dollar General, it is ludicrous to infer that he worked anything less than 1,250 hours in the previous year. Likewise, Johnson argues that he could not even assert he was eligible for FMLA leave unless he had been employed by Dollar General for over one year. Thus, it is inherent in his Amended Complaint that he is "entitled to FMLA benefits."

### 2. Analysis

A claim is facially plausible when the plaintiff pleads enough facts that allow the court to draw a reasonable inference that the defendant is liable for the conduct alleged. *Iqbal*, 129 S. Ct. at 1949. "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a

recovery under some viable legal theory." *Car Carriers, Inc. V. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984), *quoting In Re: Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981); *Wright, Miller & Cooper, Federal Practice and Procedure*, § 1216 at 121-23 (1969).

As the United States Supreme Court further explained,

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 129 S.Ct. at 1950. Thus, I first begin by identifying pleadings in Johnson's Complaint that are no more than legal conclusions, not supported by factual allegations, and therefore fail entitlement to the assumption of truth.

Johnson's Amended Complaint alleges that the defendants violated the FMLA: "(a) in failing to give appropriate notices as to FMLA rights; (b) [i]n failing to grant Plaintiff his FMLA leave; (c) [i]n retaliating against the Plaintiff for his having exercised his FMLA rights; (d) [i]n discriminating against him for having utilized his FMLA rights; (e) [b]ased upon a pretext used solely to justify terminating him." Unfortunately for Johnson, these bare assertions exemplify the very type of conclusory statements devoid of fact that the United States Supreme Court has determined are not entitled to relief. *Twombly*, 550 U.S. at 554-555. As the Court stated in *Iqbal*, "[i]t is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Iqbal*, 129 S. Ct. 1951. I recognize, that "although a complaint

need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Public Schools, Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-630 (8th Cir. 2010) (citing *Twombly*, 550 U.S. at 555). In this case, Johnson's Amended Complaint not only fails to provide a recitation of the elements of his cause of action, but more importantly, lacks factual bases explaining how Johnson fulfilled these elements and is therefore entitled to relief.

### a. *"Eligible employee"*

The first and foremost element in establishing a claim under the FMLA hinges on whether a plaintiff meets the definition of an "eligible employee." *Bulmer v. Yellow Freight Sys.*, 213 F.3d 625 (2d Cir. 2000) (holding that "eligibility is a threshold issue which has to be proved by plaintiff in order for him to be entitled to relief. . . ."). In his Amended Complaint, Johnson claims that he was an "eligible employee" entitled to the protections of the FMLA for an FMLA-qualifying leave. These protections include twelve workweeks of leave during any twelve month period for workers who fall under the scope of the Act. 29 U.S.C. § 2612. However, aside from legal conclusions, Johnson fails to provide any factual basis in his Amended Complaint for me to determine whether he meets the definition of an "eligible employee."

In general, to be considered an "eligible employee" an employee must have been employed "for at least 12 months by the employer" and worked "for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C.§ 2611(2)(A). The previous twelve month period consists of the twelve months immediately prior to the date that leave commences or is sought by the plaintiff, which in Johnson's case is April 30, 2009. *See* 29 C.F.R. § 825.110. In calculating "whether an

employee meets the hours of service requirement specified in subparagraph (A)(ii), the legal standards established under section 7 of the Fair Labor Standards Act of 1938 shall apply." *Id*. The Fair Labor Standards Act excludes holiday pay, sick days, vacation, and other pay for hours not actually worked from counting towards the 1,250 hours requirement. *See* 29 U.S.C. § 207(e)(2). Additionally, the term "eligible employee" does not include–

> any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50.

29 U.S.C. § 2611(2)(B).

In view of the FMLA's detailed and extensive requirements for establishing who is an "eligible employee," Johnson's Amended Complaint is blatantly missing key factual allegations. While the Amended Complaint offers the allegation that Johnson worked for the defendants for a period of time in excess of one year from January 2008 through May 2009, it is, nevertheless, lacking factual confirmation verifying that he has worked at least 1,250 hours during the previous twelve month period excluding holiday pay, sick days, vacation, and other pay for hours not actually worked as required by the Fair Labor Standards Act of 1938. *See* 29 U.S.C. § 207(e)(2). Furthermore, Johnson makes a naked assertion that the defendants have over 8,000 stores in thirty-five states, and over fifty employees within seventy-five miles of Johnson's employment. As evidence of these allegations, Johnson urges the court to make "reasonable inferences." Such inferences include asking the court to review Dollar General's website, which advertises Dollar General has approximately 8,000 stores in thirty-five states. In light of the statistics on this website, Johnson argues, it would be reasonable for the court to infer that there are more than fifty employees surrounding seventy-five miles of Johnson's worksite in

Hancock County, Iowa. Johnson next alleges that, because he was a store manager, the possibility that he worked for less than 1,250 hours in the previous year "is remote at best." Finally, Johnson offers the circular argument that it is "inherent in [his] contention that he was entitled to FMLA benefits," because he "could not assert that he is eligible for FMLA unless he had been employed by Dollar General for over a year."

While I am allowed to make reasonable inferences when evaluating a motion to dismiss, this does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Detroit General Retirement System v. Medtronic, Inc.*, 621 F.3d 800 (8th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949). This is precisely what Johnson has presented the court with here. It is clear that in his Amended Complaint, Johnson is attempting to provide a formulaic recitation of the elements of his cause of action, which the Eighth Circuit Court of Appeals has held does not suffice. *C.N. v. Willmar Public Schools, Indep. Sch. Dist. No. 347*, 591 F.3d at 629-630 (holding "a formulaic recitation of the elements of a cause of action will not do."). As a result, I find that Johnson's allegation that he is an "eligible employee" under the FMLA is simply a legal conclusion, ill-supported by factual allegations, and, therefore, not entitled to the assumption of truth.

### b.    *"Serious health condition"*

Johnson also alleges that he suffered from a "serious health condition." Under the FMLA, an "eligible employee" is entitled to leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). For purposes of the FMLA, a "serious health condition," means an:

illness, injury, impairment, or physical or mental condition that involves -- (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider.

29 U.S.C. § 2611(11).[3]

---

[3] The Code of Federal Regulations provides further guidance in defining a "serious health condition" under the FMLA. The term "treatment" includes (but is not limited to):

[E]xaminations to determine if a serious health condition exists and evaluations of the condition. Treatment does not include routine physical examinations, eye examinations, or dental examinations. A regimen of continuing treatment includes, for example, a course of prescription medication (e.g., an antibiotic) or therapy requiring special equipment to resolve or alleviate the health condition (e.g., oxygen).

29 C.F.R. § 825.113(c).

The term "continuing treatment" by a health care provider includes any one or more of the following:

(1) Treatment two or more times, within 30 days of the first day of incapacity, unless extenuating circumstances exist, by a health care provider, by a nurse under direct supervision of a health care provider, or by a provider of health care services (e.g., physical therapist) under orders of, or on referral by, a health care provider; or (2) Treatment by a health care provider on at least one occasion, which results in a regimen of continuing treatment under the supervision of the health care provider. (3) The requirement in paragraphs (a)(1) and (2) of this section for treatment by a health care provider means an in-person visit to a health care provider. The first (or only) in-person treatment visit must take place within seven days of the first day of incapacity.

29 C.F.R. § 825.115. The term "incapacity" is defined as the

(continued...)

A "health care provider" is further defined as,

> (A) a doctor of medicine or osteopathy who is authorized to practice medicine or surgery (as appropriate) by the State in which the doctor practices; or (B) any other person determined by the Secretary to be capable of providing health care services.

29 U.S.C. § 2611(6).

Johnson argues that reasonable inferences taken from his Amended Complaint are sufficient to demonstrate that he was plausibly suffering from a serious health condition under the FMLA. As evidence, Johnson cites his Amended Complaint which states that he: "was ill at work with either the flu or a potential health problem"; "believed that his illness was the result of his heart attack six months earlier"; "took vacation time to cover his illness from May 1, 2009 through May 5, 2009"; and, "sought medical treatment for this illness." After listing these facts, Johnson concludes that this information "is exactly the information required to show a serious health condition under 29 C.F.R. § 825.114(a)(i)(A)." (Docket no. 18-1, p. 7)

---

[3](…continued)

> inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefore, or recovery therefrom.

29 C.F.R. § 825.113(b). The term "inpatient care" means an,

> overnight stay in a hospital, hospice, or residential medical care facility, including any period of incapacity as defined in § 825.113(b), or any subsequent treatment in connection with such inpatient care.

29 C.F.R. § 825.114.

Once again, aside from legal conclusions, Johnson has failed to provide any factual basis in his Amended Complaint which would permit the court to infer that Johnson plausibly suffered from a "serious health condition." Johnson has not alleged any facts that his illness required: an overnight stay in a hospital, hospice, or residential medical care facility; an in-person visit to a doctor of medicine; or, continuing treatment involving a course of prescription medication (e.g., an antibiotic) or therapy requiring special equipment to resolve or alleviate the health condition (e.g., oxygen). The Eighth Circuit Court of Appeals has held that,

> [a] serious health condition is one which requires "inpatient care in a hospital, hospice, or residential medical care facility" or continuing treatment by a health care provider. 29 U.S.C. § 2611(11). The continuing treatment test for a serious health condition is met if an employee is incapacitated by "an illness, injury, impairment, or physical or mental condition" for more than three consecutive days and for which he is treated by a health care provider on two or more occasions. 29 C.F.R. § 825.114(a)(2)(i).

*Woods v. DaimlerChrysler Corp*. 409 F.3d 984, 990 (8th Cir. 2005). Instead of alleging sufficient facts as required by the Eighth Circuit Court of Appeals, Johnson merely attests that he "sought medical treatment for this illness." As far as I know, this "medical treatment" could have been sought from perusing *WebMD* online.[4] Such vague assertions also fail to include what, if any, *continuing* medical treatment was prescribed.[5] Because

---

[4] "WebMD provides valuable health information, tools for managing your health, and support to those who seek information." *WebMD*, http://www.webmd.com (last visited January 26, 2011).

[5] Regarding continuing treatment, it should be noted that "a regimen of continuing treatment that includes the taking of over-the-counter medications such as aspirin,

(continued...)

Johnson has failed to provide direct or inferential factual allegations respecting each of the material elements required for establishing a "serious health condition" under the FMLA, I find that the allegations in the Amended Complaint are insufficient to show or support a reasonable inference that Johnson had a "serious health condition." [6]

### c. "Notice"

Johnson argues that his Amended Complaint alleges sufficient facts to demonstrate that the defendants were placed on notice that he may have needed FMLA qualifying leave. These facts include Johnson calling into his assistant store manager and reporting himself ill, reporting his illness to store employees, who told him to go home and rest, and taking vacation time to cover his illness from May 1, 2009 through May 5, 2009. Johnson asserts that the defendants were aware of his illness because he contemporaneously took vacation days to cover for the illness.

Johnson also argues that reasonable inferences drawn from the Amended Complaint's factual allegations make it obvious that Johnson informed someone, in this case his assistant manager, that he was ill and needed to take vacation days for the illness.

---

[5](…continued)
antihistamines, or salves; or bed-rest, drinking fluids, exercise, and other similar activities that can be initiated without a visit to a health care provider, is not, by itself, sufficient to constitute a regimen of continuing treatment for purposes of FMLA leave." 29 C.F.R. § 825.113(c).

[6] In Johnson's Amended Complaint, he added that he "was ill at work with either the flu or a potential health problem." However, the FMLA makes clear that suffering from the flu generally does not qualify as a "serious health condition." "Ordinarily, unless complications arise, the common cold, the flu, ear aches, upset stomach, minor ulcers, headaches other than migraine, routine dental or orthodontia problems, periodontal disease, etc., are examples of conditions that do not meet the definition of a serious health condition and do not qualify for FMLA leave." 29 C.F.R. § 825.113(d).

Further evidence that the defendants were aware of Johnson's illness, Johnson concludes, is demonstrated by his supervisor calling him on multiple occasions to complain about his illness. In response, the defendants assert that Johnson never gave his employer notice of a serious health condition, or any plausible reason to believe that he had a serious health condition.

First and foremost, Johnson is asserting facts in support of his Resistance to the Motion to Dismiss that are simply not present. The Eighth Circuit Court of Appeals has held that "'matters outside the pleading' may not be considered in deciding a Rule 12 motion to dismiss. . . ." *Enervations, Inc. v. Minn. Mining and Mfg. Co.*, 38- F.3d 1066 (8th Cir. 2004). Additionally,

> Most courts. . . view "matters outside the pleading" as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings. *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir.1992) (quoting *Wright & Miller, Federal Practice and Procedure* § 1366). This interpretation of the rule is "appropriate in light of our prior decisions indicating a 12(b)(6) motion will succeed or fail based upon the allegations contained in the face of the complaint."

*BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685 (8th Cir. 2003) (quoting *Gibb*, 958 F.2d at 816); *See Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir.1982).

For instance, Johnson's Amended Complaint does not state that his supervisor called him on multiple occasions to complain about his illness. Rather, Johnson's Amended Complaint simply states that "[o]n May 1, 2009, Defendants Michael Williams called and left several disparaging voice mails for the Plaintiff." The Amended Complaint also states "Williams left messages complaining that the Plaintiff was not present work and needed to be at work to be responsible for his store." Additionally, the Amended Complaint

claims "Williams informed the Plaintiff that he needed to 'suck it up and do his job.'" Finally, the Amended Complaint alleges "[o]n May 5, 2009, Defendant Michael Williams called the Plaintiff and left another message. In the message Defendant Williams informed the Plaintiff that if he did not call back within 30 minutes then Williams would terminate the Plaintiff." (Docket no. 18-2, p. 14)

Johnson believes that a reasonable inference for the court to make is that Johnson informed his assistant manager that he was ill and his supervisor called on multiple occasions to complain about his illness. Based on the minimal facts alleged in the Amended Complaint, Johnson is asking me to make unreasonable inferences to establish that the defendants were aware of his need for FMLA qualifying leave. In view of the actual language written in the Amended Complaint, I believe an equally reasonable inference to make on the circumstances surrounding Johnson's termination is that Johnson used vacation time to miss work from May 1, 2009 through May 5, 2009, and failed to tell his supervisor, defendant Michael Williams. This lead Williams to call Johnson multiple times asking why Johnson was not at work. After Johnson refused to return Williams calls, he was terminated.

Even if Johnson called into work and informed his subordinates of his illness, this would not allege sufficient facts to demonstrate that the defendants were placed on notice that he may have needed FMLA-qualifying leave. Under 29 C.F.R. § 825.303(b), "An employee shall provide sufficient  information for an employer to reasonably determine whether the FMLA may apply to the leave request. . . . Calling in 'sick' without providing more information will not be considered sufficient notice to trigger an employer's obligations under the Act." *Id.* Thus, I find that Johnson has failed to make sufficient factual allegations in his Amended Complaint to support his conclusion that the defendants were aware of his need for FMLA leave.

Because Johnson has failed to allege sufficient factual matter, accepted as true, that he was an "eligible employee" under the FMLA, suffered from a "serious health condition," and placed the defendants on notice that he may have needed FMLA-qualifying leave, the defendants' motion to dismiss the FMLA claim is granted.

### C.  Wrongful Discharge

#### 1.    Arguments of the parties

Johnson believes that he was wrongfully discharged after applying for and seeking FMLA benefits in violation of "public policy," and reasserts the same claim for wrongful discharge in Count II as he asserted in Count I for his FMLA claim.  In response, the defendants argue that to the extent Johnson is asserting the same claims for relief twice, the wrongful discharge claim should fail for all the same reasons Johnson's FMLA claim falls short.  Furthermore, the defendants argue that if Johnson is asserting an independent, common-law claim for relief for "wrongful discharge" based on alleged FMLA activity, case law conclusively demonstrates that any such claim is preempted by the FMLA, and that any relief is exclusively subject to the FMLA's remedial provision.

#### 2.    Analysis

Insofar as Johnson is alleging the same claims twice, in Count I for his FMLA claim and in Count II for his wrongful discharge claim under the FMLA, I find that Count II is dismissed for all the same reasons as Count I.  Johnson failed to allege sufficient factual matter, accepted as true, that he was an "eligible employee" under the FMLA, suffered from a "serious health condition," and placed the defendants on notice that he may have needed FMLA-qualifying leave.

Insofar as Johnson is alleging an independent, common-law claim for relief for "wrongful discharge" in violation of "public policy," I have recognized in past decisions

that "the legislature may explicitly prohibit the discharge of an employee who acts in accordance with a statutory right or duty." *Muller v. Hotsy Corp.*, 917 F.Supp. 1389, 1420 (N.D. Iowa 1996) (quoting *Thompto v. Coborn's, Inc.*, 871 F.Supp. 1097, 1113 (N.D.Iowa 1994). Furthermore, I held that the common-law action for wrongful discharge exists "for the purpose of protecting an employee against retaliation when a statutory right is conferred but no statutory remedy is provided. . . ." *Id.* at 1420; *See Borschel v. City of Perry*, 512 N.W.2d 565, 567-68 (Iowa 1994) (wrongful discharge action will not stand if the statute supplying the policy also provides for a remedy, but will stand where the statute does not provide a remedy). In the situation before the court, "[t]he FMLA provides a statutory remedy for an employee whose employer interferes with [his] right to take family or medical leave." *Lucht v. Encompass Corp.*, 491 F.Supp.2d 856, 866 (S.D. Iowa 2007); *See* 29 U.S.C. §§ 2615, 2617. Accordingly, a wrongful discharge claim, where the public policy upon which Johnson relies is that underlying the FMLA, is preempted because the FMLA provides a comprehensive remedy. *See Lucht*, 491 F.Supp. 2d at 867. Thus, because the FMLA provides Johnson with a remedy, his claim that he was wrongfully discharged in violation of public policy is preempted by the FMLA. Consequently, I grant the defendants' motion to dismiss on this issue.

### D. Consolidated Omnibus Budget Reconciliation Act (COBRA)

### 1. Arguments of the parties

In his Amended Complaint, Johnson alleges he was entitled to COBRA benefits, and that, at the end of his employment, the defendants refused to offer and wrongfully denied such benefits. In the defendants' Motion to Dismiss, they describe Johnson's claim as "so lacking in facts that its assertion is simply bizarre." Defendants argue that Johnson failed to allege that he actually requested benefits under COBRA, or what those benefits were.

Thus, the defendants contend, Johnson's claim should be dismissed because vague legal conclusions are not sufficient to state a claim for relief. In his Brief in Resistance to Defendants' Motion to Dismiss, Johnson argues that a reasonable interpretation of the facts alleged in the Amended Complaint is that the defendants failed to provide him notice of his COBRA benefits post termination. Failure to provide notice would violate 29 U.S.C. § 1166(a)(2), and "[n]o further factual information is necessary to establish the plausibility of recovery." In the defendants' Reply in Further Support of their Motion to Dismiss, they argue that COBRA notice requirements apply solely to "plan administrators" under 29 U.S.C. § 1166(a)(4). Defendants contend that, in the absence of an allegation identifying them as the plan administrator, his claim must be dismissed as failing to contain enough facts to state a claim for relief.

### 2. *Analysis*

Johnson simply concludes in his Amended Complaint that he "was entitled to COBRA benefits" and "[a]t the end of [his] employment the Defendants refused to offer COBRA benefits. . . ."[7] These allegations fail to put the defendants on notice of why Johnson holds them accountable for allegedly refusing to offer him COBRA benefits. The Eighth Circuit Court of Appeals has determined "'it is the facts well pleaded, not the theory of recovery or legal conclusions,' that state a cause of action and put a party on

---

[7] Termination of employment, other than by reason of such employee's gross misconduct, is considered a "qualifying event" under COBRA. 29 U.S.C. § 1163(2). After a "qualifying event," COBRA requires employers to provide employees the opportunity to continue health care coverage for a specified period of time at the employee's expense. 29 U.S.C. § 1161(a). Under COBRA, employers must notify health care plan administrators of the qualifying event within 30 days of the event. *Id.* at § 1166(a)(2). The plan administrator is then required to notify the qualified beneficiary within fourteen days of his right to continued coverage. *Id.* at § 1166(c).

notice." *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999) (quoting *Economy Housing Co. v. Continental Forest Prods., Inc.*, 757 F.2d 200, 203 (8th Cir. 1985)). "[T]he pleading must at a minimum be sufficient to give the defendant notice of the claim." *Tatum v. Iowa*, 822 F.2d 808 (8th Cir. 1987) (affirming district court's finding that plaintiff's complaint was deficient because it did not plead how the defendants were responsible for his claim) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)); *see Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) ("[s]imply invoking ERISA in the jurisdictional section of the complaint was insufficient to give [defendant] notice of [plaintiff's] claim and the grounds upon which it rested.").

Consequently, Johnson's COBRA claim is a perfect example of a legal conclusion masquerading as a factual allegation, and, therefore, insufficient to state a claim for relief. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."). Noticeably absent from Johnson's Amended Complaint are any factual allegations supporting his conclusory assertions. For instance, Johnson has not asserted any facts that he was a "covered employee" entitled to notice under COBRA. *See Kobold v. Aetna U.S. Healthcare, Inc.*, 258 F.Supp.2d 1317, 1324-25 (M.D. Fla. 2003). Johnson's Amended Complaint is also defective in that it makes no allegations regarding the identity of his plan administrator. *See Vorachak v. Alden Estates of Barrington, Inc.*, 2007 WL 3171310 (N.D. Ill. 2007) (holding that "in the absence of an allegation regarding the identity of Plaintiff's plan administrator," the COBRA claim must be dismissed); *Thomason v. First Pryority Bank,* 2010 WL 2079699 (N.D. Okla. 2010) (determining that plaintiff failed to state a claim under which relief could be granted, because the complaint never alleged who was the plan administrator in a COBRA notice claim); *Guzman v. Macy's Retail Holdings, Inc.*, No. 09 Civ. 4472(PGG), 2010 WL 1222044 at *8 (S.D.N.Y. Mar. 29, 2010)

(finding plaintiff's COBRA claim defective where it failed to name the plan administrator). Because Johnson's Amended Complaint lacks *any* well pleaded fact describing the defendants' alleged refusal to offer COBRA benefits, Johnson has failed to state a claim for relief that is plausible on its face. I grant the defendants' motion to dismiss on this matter.

### E. Punitive Damages

#### 1. Arguments of the parties

The defendants assert that punitive damages are not available under either the FMLA or COBRA, and therefore Johnson's Amended Complaint fails to state a claim for which punitive damages are recoverable. Johnson concedes that neither the FMLA nor COBRA provide for punitive damages. Clearly, punitive damages are unavailable under the FMLA.[8]

---

[8] 29 U.S.C. § 2617 provides damages for FMLA violations:

Any employer who violates section 2615 of this title shall be liable to any eligible employee affected-- (A) for damages equal to-- (i) the amount of-- (I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or (II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks (or 26 weeks, in a case involving leave under section 2612(a)(3) of this title) of wages or salary for the employee; (ii) the interest on the amount described in clause (i) calculated at the prevailing rate; and (iii) an additional amount as liquidated damages equal to the sum

(continued…)

## 2.    *Analysis*

Remedies under the FMLA do not include punitive damages. "Prohibited damages under the FMLA include emotional distress, nominal, consequential, and punitive damages." *Rensink v. Wells Dairy, Inc*. --- F.Supp.2d ----, 2010 WL 3767154 (N.D. Iowa 2010); *see Farrell v. Tri-Country Metro. Transp. Dist. of Or.*, 530 F.3d 1023, 1025 (9th Cir. 2008); *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1007 (6th Cir. 2005); *Graham v. State Farm. Mut. Ins. Co.*, 193 F.3d 1274, 1284 (11th Cir. 1999); *Andrews v. CSX Transp., Inc.*, 2009 WL 5176462 at *2 n. 6 (M.D.Fla. Dec. 22, 2009). The Eighth Circuit Court of Appeals has held that "[t]he FMLA only permits recovery for 'wages, salary, employment benefits, or other compensation denied or lost,' and when such benefits are not denied or lost, an eligible employee may recover 'any actual monetary losses sustained . . . as a direct result of the violation, such as the cost of providing care.'" *Rodgers v. City of Des Moines*, 435 F.3d 904 (8th Cir. 2006) (citing 29 U.S.C. § 2617(a)(1)(A)(i)(I), (II)). Similarly, punitive damages are not recoverable under

---

[8](…continued)

> of the amount described in clause (i) and the interest described in clause (ii), except that if an employer who has violated section 2615 of this title proves to the satisfaction of the court that the act or omission which violated section 2615 of this title was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615 of this title, such court may, in the discretion of the court, reduce the amount of the liability to the amount and interest determined under clauses (i) and (ii), respectively; and (B) for such equitable relief as may be appropriate, including employment, reinstatement, and promotion.

*Id.*

ERISA, as amended by COBRA. "[T]he Supreme Court has stressed that ERISA does not create compensatory or punitive damage remedies where an administrator of a plan fails to provide the benefits due under that plan." *Delcastillo v. Odyssey Resource Management, Inc.*, 431 F.3d 1124, 1131 (8th Cir. 2005) (citing *Turner v. Fallon Community Health Plan, Inc.*, 127 F.3d 196, 198 (1st Cir. 1997), *cert. denied*, 523 U.S. 1072 (1998) (citing *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985))). Accordingly, because punitive damages are not available under either the FMLA or COBRA, Johnson's Amended Complaint fails to state a claim for which punitive damages are recoverable.

### *IV. CONCLUSION*

Therefore, after careful consideration and for the reasons stated herein,

    (1)  The Plaintiff's request to amend his Complaint, is **granted.**

    (2)  The Defendants' Motion to Dismiss,

        (a) is **granted** with respect to Plaintiff's FMLA claim;

        (b) is **granted** with respect to Plaintiff's "wrongful discharge" claim;

        (c) is **granted** with respect to Plaintiff's COBRA claim;

        (d) is **granted** with respect to Plaintiff's punitive damages claim.

Accordingly, the Plaintiff's Amended Complaint shall be dismissed in its entirety **without prejudice.** Judgment shall enter accordingly.

**IT IS SO ORDERED.**

**DATED** this 15th day of February, 2011.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA